UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALPINE VILLAGE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF MCCALL,<br><br>                Defendant. | Case No. 1:11-CV-00287-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Remand to State Court. Dkt. 8. Having reviewed the Motion and Defendant's response, the Court has determined that the Motion is suitable for disposition without oral argument. For the reasons explained below, the Court will grant the Motion. Defendant's Motion to Dismiss will therefore be denied as moot. *See* Dkt. 4.

## FACTUAL BACKGROUND

This action concerns Plaintiff Alpine Village Company's claim that its compliance with a City of McCall ordinance requiring development of community housing constituted an unconstitutional taking without just compensation. Defendant City of McCall implemented Ordinance 819 in February 2006. It required real estate developers

to provide "community housing units" equal to twenty percent of the total units in any new residential development. *See Pl's Mtn. to Remand, Milleman Aff.* at 112-25, Dkt. 8-4. Alpine Village Company, developers of the Alpine Village project in downtown McCall, proposed compliance with the Ordinance primarily through purchase and conversion of "the Timbers" apartment complex into deed restricted community housing condominiums. The City approved the proposal, and Alpine Village purchased the Timbers, paying $2,100,462 in cash. *Pl's Memo in Support of Mtn. to Remand* at 4, Dkt. 8-1.

On April 24, 2008, the City of McCall repealed the Ordinance in response to unrelated litigation. The City and Alpine Village subsequently amended the Timbers development plan, releasing Alpine Village from any obligation to provide community housing. Alpine Village, however, remains the owner of the Timbers.

Alpine Village brought suit against the City of McCall in Idaho state court, alleging a violation of the Fifth Amendment's Takings Clause as well as a violation of the analogous provision of the Idaho state constitution. The City removed the case to this Court on the basis of federal question jurisdiction, and then filed a motion to dismiss. Alpine Village now moves to remand the case for lack of subject matter jurisdiction.

## LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Section 1447 governs this Court's procedure after removal. Section 1447(c) provides that "[i]f at

MEMORANDUM DECISION AND ORDER - 2

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." There is a strong presumption against removal to federal court: "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curuam) (citations omitted). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

**ANALYSIS**

**1. Motion to Remand**

Alpine Village's Complaint contains, on its face, a federal question because it alleges that the City of McCall violated the Takings Clause of the Fifth Amendment. *See Notice of Removal, Exhibit B*, Dkt. 1-2, ¶ 26. However, the Court finds that it lacks subject matter jurisdiction under the ripeness doctrine laid out in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Therefore, the action must be remanded to state court. *See* 28 U.S.C. § 1447(c).

**A.** *Federal Claim*

Ripeness is a required element of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). A federal takings claim is not ripe for review until two conditions are met: (1) the regulating agency "has reached a final decision regarding the application of the regulations to the property at issue"; and (2) the plaintiff has pursued compensation for the taking through the procedures provided

by the state. *Williamson County*, 473 U.S. at 186, 194. The exhaustion of state remedies is required because "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* at 194. The federal courts cannot evaluate an allegation of constitutionally inadequate compensation before a property owner has sought compensation from the state.

The parties agree that the final decision prong of *Williamson County* is not at issue in this case. The parties also agree that, because of the removal of the action to this Court, the plaintiff has not exhausted state remedies for its taking claim, as required under the second prong of *Williamson County*.[1] *Pl's Memo in Support of Mtn. to Remand* at 8-10, Dkt. 8-1; *Def.'s Resp. to Mtn. to Remand* at 2, Dkt. 19.

This Court must remand to state court if it lacks subject matter jurisdiction over Alpine Village's claim. 28 U.S.C. § 1447(c). In its brief supporting its Motion to Dismiss, the City initially argued that this Court should apply *Williamson County* ripeness requirements to Alpine City's claim. *Def's Brief in Support of Mtn. to Dismiss* at 15, Dkt. 5. Recognizing that application of *Williamson County* would require this Court to remand to state court, the City now reverses course and urges the Court to waive the ripeness requirements in order to reach the other arguments in its Motion to Dismiss. *Def.'s Resp. to Mtn. to Remand* at 11, Dkt. 19. Therefore, the only issue before the Court is whether it

---

[1] Neither party argues that this case fits into the exception that excuses exhaustion when state procedures are "unavailable or inadequate." *Williamson County*, 473 U.S. at 197. Without any contrary claim by the parties, the Court finds that Idaho's inverse condemnation proceedings are constitutionally adequate. *See Union Pac. R.R. Co. v. State of Idaho*, 663 F. Supp. 75, 76 (D. Idaho 1987).

should waive *Williamson County* ripeness requirements.

The Supreme Court has described the *Williamson County* ripeness requirements as "prudential." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997). Application of prudential ripeness turns on the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1124 (9th Cir. 2009) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

Beginning with the first factor, the fitness of the issues for judicial resolution, the Court concludes that Plaintiff's claims are not fit for resolution. The fact that Plaintiff has had no opportunity to litigate in state court weighs heavily in favor of remand. In *Guggenheim v. City of Goleta*, the Ninth Circuit waived *Williamson County* ripeness requirements because the plaintiff had already litigated the issue in state court, and the Circuit did not see "any value in forcing a second trip on them." 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc), *cert. denied* --- U.S. ---, 131 S. Ct. 2455 (2011). In other published cases where the Ninth Circuit also waived ripeness requirements, each plaintiff had also significantly litigated their claim in state court. *See, e.g., Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1145-46 (9th Cir. 2010); *McClung v. City of Sumner,* 548 F.3d 1219, 1223 (9th Cir. 2008). Unlike those cases, here remand is necessary to provide Alpine Village an initial opportunity to develop their claim in a state court forum. The strong presumption against removal of a state action to federal court also distinguishes this action and persuades the Court to strictly apply the ripeness

requirements. *See Gaus*, 980 F.2d at 566.

The City's central contention is that its statute of limitations arguments are so clear that remand "will serve no useful purpose." *Def.'s Resp. to Mtn. to Remand* at 1, Dkt. 19. The City attempts to analogize to *Guggenheim*, where the Ninth Circuit was able to dispense with the claim on the merits and so opted to waive prudential ripeness requirements. 638 F.3d at 1118. This Court, though it does not rule on the City's statute of limitations claims at this time, finds they are not so decisive as to justify dispensing with prudential ripeness requirements. The accrual of a federal takings claims turns on the exhaustion of state remedies: "[T]he date of accrual is either (1) the date compensation is denied in state courts, or (2) the date the ordinance is passed if resort to state courts is futile." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651 (9th Cir. 2003) (citing *Levald, Inc. v. City of Palm Desert*, 998 F. 2d 680, 688 (1993)). There is no contention that the exhaustion requirement is futile here. Therefore, Alpine Village's federal claim does not accrue until compensation is denied in state court, and it appears that the statute of limitations has not yet begun to run.[2]

Turning to the second factor, the Court also finds that remand will impose no

---

[2] The City argues that *Hacienda Valley Mobile Estates* and *Levald* apply only "with respect to a federal claim brought first in federal court." *Def.'s Resp. to Mtn. to Remand* at 6, Dkt. 19. But the Ninth Circuit's rationale is at least as strong in the context of a state claim removed to federal court:
> "[T]he Fifth Amendment does not proscribe the taking of property; it proscribes taking *without just compensation*.". . . Thus, a plaintiff cannot bring a section 1983 action in federal court until the state denies just compensation. A claim under section 1983 is not ripe-and a cause of action under section 1983 does not accrue-until that point.

*Levald*, 998 F.2d at 687 (quoting *Williamson County*, 473 U.S. at 194).

significant hardship on the City. The modest commitment of party and judicial resources at the inception of this action does not justify overlooking ripeness requirements. *Yamagiwa v. City of Half Moon Bay* is an instructive contrast to this case. 523 F. Supp. 2d 1036 (N.D. Cal. 2007). There, the district court opted to waive *Williamson County* ripeness requirements when the defendant raised the exhaustion requirement after two full years of litigation, including a trial. *Id.* at 1108. The nascent posture of this case also contrasts with Ninth Circuit decisions waiving ripeness requirements for appellate review of a substantive lower court decision. *See, e.g., Adam Bros. Farming, Inc.*, 604 F.3d at 1148. Because there has not been an initial decision on the merits of this case in any court, remand does not unnecessarily "bounce the case through more rounds of litigation." *Guggenheim*, 638 F.3d at 1118.

The City argues that remand "would risk misapplication of controlling federal law." *Def.'s Resp.* at 1, Dkt. 19. Party preference for a federal forum does not constitute a hardship for ripeness purposes. As the Supreme Court has stated: "State courts are fully competent to adjudicate constitutional challenges to local land-use decisions. Indeed, state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations." *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 347 (2005). The City's apprehension that state courts might "depart from controlling Ninth Circuit precedent" is not a valid reason for this Court to waive ripeness requirements. *Def.'s Resp. to Mtn. to Remand* at 5, Dkt. 19.

B. *State Law Claim*

This Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1447(c)(3). Whether to exercise jurisdiction in this circumstance is "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citing § 1447(c)). Judicial economy and convenience are best served through concurrent adjudication of all claims in the state tribunal, particularly because the state and federal claim arise out of the same set of facts. Therefore, this Court declines to exercise supplemental jurisdiction over the state law claim.

C. *Attorney's Fees*

This Court has discretion to require payment of just costs and fees incurred as a result of improper removal. 28 U.S.C. § 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 141.

Though unconvinced by the City's reasoning, the Court finds that the City possessed an objectively reasonable basis for seeking removal. The City's basis for seeking removal is objectively reasonable because there is a valid federal question on the face of Plaintiff's Complaint. *See Notice of Removal, Exhibit B* ¶ 26, Dkt. 1-2. Further, the lack of subject matter jurisdiction is based on prudential ripeness grounds, which the City reasonably argued that this Court should waive. Accordingly, the Court will deny

B. *State Law Claim*

This Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1447(c)(3). Whether to exercise jurisdiction in this circumstance is "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citing § 1447(c)). Judicial economy and convenience are best served through concurrent adjudication of all claims in the state tribunal, particularly because the state and federal claim arise out of the same set of facts. Therefore, this Court declines to exercise supplemental jurisdiction over the state law claim.

C. *Attorney's Fees*

This Court has discretion to require payment of just costs and fees incurred as a result of improper removal. 28 U.S.C. § 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 141.

Though unconvinced by the City's reasoning, the Court finds that the City possessed an objectively reasonable basis for seeking removal. The City's basis for seeking removal is objectively reasonable because there is a valid federal question on the face of Plaintiff's Complaint. *See Notice of Removal, Exhibit B* ¶ 26, Dkt. 1-2. Further, the lack of subject matter jurisdiction is based on prudential ripeness grounds, which the City reasonably argued that this Court should waive. Accordingly, the Court will deny

Alpine Village's request for attorney fees.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Remand (Dkt. 8) is **GRANTED**. This case shall be **REMANDED** to the District Court of the Fourth Judicial District of the State of Idaho.

2. Defendant's Motion to Dismiss (Dkt. 4) is **DENIED** as moot.

3. The hearing scheduled for September 19, 2011 is **VACATED**.

DATED: **August 25, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge